**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **No. 4:18CR00534 DPM** |
| | **)** | |
| **BENNY DON TAYLOR** | **)** | |

**MOTION TO TRAVEL, TO AMEND CONDITIONS OF RELEASE,
AND TO STRIKE CURFEW AND ELECTRONIC MONITORING CONDITIONS AS
UNCONSTITUTIONAL AS-APPLIED**

Through his attorneys, J. Blake Hendrix and Annie Depper of Fuqua Campbell, P.A., Taylor moves to amend the conditions of his release to allow him to travel to California. He also moves to strike the curfew and electronic monitoring conditions as unconstitutional under the Fifth and Eighth Amendments as applied to him.

I.    Background

A.    The case

On October 4, 2018, Taylor was charged in a one-count indictment with attempting to persuade, induce, entice, and coerce a minor to engage in sexual activity in violation of 18 U.S.C. §2422(b). In 2017, a Faulkner County officer, posing as a fifteen year-old boy, responded to an ad on Craigslist seeking sex from a college or high school-aged boy. "Ben" and the undercover officer engaged in texts and emails to arrange a meeting. Officers staked out the meeting, and arrested Taylor when he arrived.

Following Taylor's arraignment on the indictment, the magistrate entered an Order Setting Conditions of Release. The conditions included a curfew and electronic monitoring, conditions that are mandatory under 18 U.S.C. §3142(c).

B.    Taylor

Taylor was born in El Dorado on July 15, 1939, recently turning 80-years old. After receiving a bachelor's degree from the University of Arkansas in 1962, Taylor was commissioned as a Second Lieutenant in the U.S. Air Force. His duty stations included Cam Rahn Bay AFB during the Viet Nam War and the Headquarters of the USAF at the Pentagon. In 1983, he retired as a Colonel attached to the Joint Chiefs of Staff.

In civilian life, Taylor worked in sensitive positions with Data Tech Corporation and Texas Instruments in Dallas and IBM in New York. He retired in 2008 and now lives in Hot Springs Village with his wife, Janice.

Janice is from Southern California, and Taylor and Janice would like to drive to California for Janice's father's 89th birthday. They would like to stay two weeks so Janice can visit with her elderly parents, who she has not seen in two years, and her daughter, Julie. They would leave Arkansas on October 21, 2019, taking two to three days to drive, and would stay at the Naval  Air Station on Coronado Island in  San Diego at the Visiting Officer's Quarters from October 24 through November 2, 2019, when they would take two to three days to drive back to Arkansas, arriving here on November 5, 2019.

II.    Applicable Law

A.    Amending conditions of release

A judicial officer can amend conditions of release at any time. *18 U.S.C. 3142(c)(3).* Section 216 of the Adam Walsh Act, codified at 18 U.S.C. §3142(c)(1)(B), mandates the imposition of certain conditions of release for persons charged with child-sex offenses. In those cases, "any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv) [restrictions on associations and travel], (v)

avoid contact with victim and witnesses], (vi) [reporting to pretrial services], (vii) [comply with a curfew], and (viii) [refrain from firearms possession]." While the conditions are mandatory under the Act, the Eighth Circuit has observed that,

> Many of the terms of the Walsh Act are undefined. For example, a 'condition of electronic monitoring' shall be imposed, but the statute does not require or define that condition to be continuous or limited to a particular locality. A 'curfew' must be specified, but the statute also does not define it as a certain time of day or night or number of hours per day. (citations omitted)

*United States v. Stephens*, 594 F.3d 1033, 1039 (8th Cir. 2010), citing *United States v. Kennedy*, 327 F. App'x 706, 707 (9th Cir. 2009) (unpublished mem.).

B.     Constitutionality of the curfew and electronic monitoring conditions

The Court in *Stephens* rejected a facial constitutional challenge to the curfew and electronic monitoring restrictions. It, however, "express[ed] no view as to any as-applied challenge[.]" *Id.* at 1039.

To succeed on a facial challenge to a legislative act, the challenger "must establish that no set of circumstances exists under which the Act would be valid." *Id.* t 1038, citing *United States v. Salerno*, 481 U.S. 739 (1987). In an as-applied challenge, on the other hand, the challenger need only show that the statute is unconstitutional "because of the way it was applied to the particular facts of their case." *United States v. Salerno*, 481 U.S. at 745, n.3.

District Judge Weinstein of the Eastern District of New York found the mandatory electronic monitoring condition of the Walsh Act unconstitutional as applied to the defendant in *United States v. Polouizzi*, 697 F.Supp.2d 381 (E.D.N.Y. 2010). The defendant was charged with receipt and possession of child pornography, an offense that implicates the mandatory Walsh conditions. The defendant mounted an as-applied challenge to the electronic monitoring condition, arguing that in his circumstances -- receiving and viewing child pornography on his

computer -- the imposition of continual electronic monitoring was procedurally unfair under the Fifth Amendment and excessive under the Eighth Amendment.

The Court's analysis began with *Mathews v. Eldridge*, 424 U.S. 319 (1976), which requires courts, when faced with a procedural due process challenge, to consider: (1) whether there is a constitutionally protected liberty interest at stake, and, if so, (2) whether there are adequate procedural safeguards in place to protect it. *United States v. Polouizzi*, 697 F.Supp.2d at 387. As to the former, the Court found,

> There is a valid liberty interest in freedom of movement that is arbitrarily and substantially reduced by the Adam Walsh Act. The right to travel from one place to another free of hindrances is a well established aspect of constitutionally protected private freedom.

*Id.* at 390, citing *Kolender v. Lawson,* 461 U.S. 352 (1983).

The Act, Judge Weinstein found, does not have an adequate procedural safeguard to protect the freedom of movement. The basic defect with the Act is that it imposes a mandatory limit on freedom of movement without permitting the accused an adversary hearing. *Id.* at 394. The mandatory condition of electronic monitoring, therefore, violates the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. Judge Weinstein ordered the condition immediately terminated. *Id.* at 395.

More recently, Judge Caproni of the Southern District of New York adopted the *Polouizzi* analysis in *United States v. Diaz*, 2018 U.S. Dist. LEXIS 182629 (S.D.N.Y. 2018). Diaz was charged with failing to register as a convicted sex offender, an offense that implicates the Walsh Act restrictions. Diaz challenged the curfew and electronic monitoring conditions as violating his procedural due process rights under the Fifth Amendment. Judge Caproni found that the mandatory curfew and electronic monitoring conditions implicated Diaz's freedom to travel. Balancing this fundamental right against the Walsh Act's interest in protecting children, the

Court found the constitutional right outweighed the governmental interest. Diaz, the Court found, did not pose a danger to the community, and the other conditions of release were sufficient to reasonably assure his appearance. *Id.* at 11.

The Court in *United States v. Karper*, 847 F.Supp.2d 350 (N.D.N.Y. 2011), considered whether the mandatory conditions of home detention and electronic monitoring violated both the Fifth and Eighth Amendment as applied to defendant. Karper was charged with receipt and possession of child pornography. But for the Adam Walsh Act, the court would not have imposed home detention and electronic monitoring as conditions of Karper's release.

The court found that the mandatory conditions restricted Karper's fundamental right of freedom of movement. It also found the conditions implicated Karper's right to the presumption of innocence. *Id.* at 357. In weighing the governmental interest in protecting the community and children in particular, the court found that a *pre se* rule that the governmental interest always outweighs a constitutional right would clearly violated due process. And, that's exactly what the Adam Walsh Act does. "[B]y mandating certain pretrial release conditions, [the Act] effectively create[s] an irrebutable presumption that the appearance at trial of an arrestee charged with certain crimes, and the safety of the community, cannot be reasonably assured without such conditions." *Id.* at 360, quoting *United States v. Crowell*, 2006 U.S. Dist. LEXIS 88489 (2006). Imposing the conditions without the right to a hearing, therefore, violates the Due Process Clause.

The court also found the mandatory conditions violated the Excessive Bail Clause of the Eighth Amendment. "[T]he relinquishment of constitutionally protected rights," the court stated, "such as the freedom of movement, on conditions that are more than necessary to satisfy legitimate governmental interests would constitute excessive bail in violation of the Eighth

5

Amendment." *Id.* at 363. Because there was no evidence that Karper was a flight risk or a danger to the community outside of the nature of the charges, the mandatory conditions constituted an excessive bail. *Id.*

In *United States v. Campbell*, 309 F.Supp.3d 738 (S.D.S.D. 2018), the defendant was charged with four counts of aggravated sexual abuse of a child under the age of 12. The defendant challenged the Walsh Act mandatory conditions mounting both a facial and as-applied challenge. The court easily disposed of the facial challenge -- it was bound by this circuit's precedent in *United States v. Stephens*, discussed above. The as-applied challenge did not fair well, either. The court easily distinguished several of the cases we've discussed in light of the factual allegations. In *Campbell*, a grand jury found probable cause to believe the defendant committed four separate acts of sexual abuse against a child under 12 and that the defendant physically harmed a child. *Id.* at 749. He also faced a minimum mandatory sentence of 30 years imprisonment. *Id.* at 750. The Walsh Act conditions would have been imposed, even if they were not mandatory.

III.    Argument

A.    Amending the conditions of release

Assuming for this argument that the mandatory curfew and electronic monitoring conditions are not unconstitutional, Taylor submits that the Court has the authority to terminate the electronic monitoring and to amend the curfew to the Officer's Quarters on Coronado Island in San Diego from October 24, 2019, to November 2, 2019, and, since he is driving, to specific hotels along the route.

As the Eighth Circuit noted in *United States v. Stephens*, 594 F.3d at1039, "electronic monitoring" and "curfew" are ill defined in the Walsh Act. The Act doesn't require that

electronic monitoring be continuous. We submit that the Court can amend the conditions of release to order that the condition of electronic monitoring will expire on October 21, 2019. The curfew condition does not have a locality restriction. The Court can amend the condition to state that Taylor must return to his residence by 10:00 p.m., except from October 21th, 2019, through November 5, 2019, when the must return to the Visiting Officer's Quarters at the Naval Air Station, Coronado Island, San Diego, California. If necessary, it can also order that Taylor check into a hotel by 10:00 p.m. on the route to California and back to Arkansas.

B.     Unconstitutionality of curfew and electronic monitoring conditions as applied to Taylor

Taylor has a constitutionally protected right to freedom of movement. As Judge Weinstein stated in *United States v. Polouizzi*, 697 F.Supp.2d at 390, "The right to travel from one place to another free from hindrances is a well established aspect of constitutionally protected private freedom." A curfew and electronic monitoring hinder this constitutional right. But, the Walsh Act does not provide for an adversarial hearing to determine whether the curfew and electronic monitoring conditions are reasonably necessary to assure the Court that Taylor is not a flight risk or a danger to the community. The failure of the Act to provide any process for the Court to make an individualized determination whether these conditions are necessary, as applied to Taylor, is a procedural defect that renders the conditions unconstitutional as a violation of the Fifth Amendment's Due Process Clause. As stated in *United States v. Karper*, 847 F.Supp.2d at 360, "[B]y mandating certain pretrial release conditions, [the Act] effectively create[s] an irrebutable presumption that the appearance at trial of an arrestee charged with certain crimes, and the safety of the community, cannot be reasonably assured without such conditions."

The other conditions of release are sufficient to give the court the necessary reasonable assurance that Taylor is not flight risk or danger to the community. Taylor is 80 years old and retired. He was born and raised in Arkansas and now lives in Hot Springs Village with his wife. He had a distinguished career in the USAF and in civilian life. He has no criminal history. There is no evidence he is a flight risk or a danger to the community. If Taylor was charged with any other offense, the Court would almost certainly not have imposed a curfew and electronic monitoring.

Taylor's case is indistinguishable from *Polouizzi, Diaz,* and *Karper*. Like Taylor, those defendants were not flight risks or dangers to their communities, and the only reason to impose the curfew and electronic monitoring conditions was that the Walsh Act required the conditions to be imposed because of the type of offenses for which they were charged. *Campbell*, on the other hand is distinguishable. Campbell was charged with four counts of sexually abusing a child or children under the age of 12, an offense that carried a 30-year minimum sentence, and the grand jury found probable cause to believe he caused a child physical injury. Taylor is charged with enticing or inducing a person he believed to be a 15-year old to engage in sexual activity, an offense that carries a 10-year minimum sentence. Polouizzi and Karper's charges included receipt of child pornography, an offense that carries a five-year minimum sentence. See *18 U.S.C. 2252(b)(1)*. On balance, Taylor's case is closer to *Polouizzi* and *Karper*.

For the same reasons the procedural defect violates the Due Process Clause, the mandatory imposition of the curfew and electronic monitoring conditions violate the Excessive Bail Clause of the Eighth Amendment. Taylor is not a flight risk or a danger to the community. The curfew and electronic monitoring conditions are not necessary to give the Court the

reasonable assurance that Taylor is not a flight risk or a danger to the community. The conditions, therefore, constitute an excessive bail.

For these reasons, Taylor asks the Court to grant his motion to travel to California, and to find the curfew and electronic monitoring conditions are unconstitutional as applied to Taylor and to order their termination, or the amend the conditions of his release to order that the electronic monitoring condition expire by October 21, 2019, and to amend the curfew condition to direct that Taylor return to the Visiting Officer's Quarters by 10:00 p.m. from October 24, 2019, through November 2, 2019.

Respectfully submitted by,


J. Blake Hendrix
Arkansas Bar No. 86066
Fuqua Campbell P.A.
Riviera Tower
3700 Cantrell Road, Ste. 205
Little Rock, AR 72202
(501) 975-7123 (direct dial)
bhendrix@fc-lawyers.com

and

Annie Depper
Arkansas Bar No. 2009267
Fuqua Campbell P.A.
Riviera Tower
3700 Cantrell Road, Ste. 205
Little Rock, AR 72202
(501) 975-7144 (direct dial)
adepper@fc-lawyers.com