IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:18-cr-00534 DPM |
| | ) | |
| BENNY DON TAYLOR | ) | |

**UNITED STATES' REQUEST FOR PRE-TRIAL EVIDENTIARY DETERMINATION**

The United States of America, through Jonathan D. Ross, Acting United States Attorney for the Eastern District of Arkansas, and Michael Gordon and Allison W. Bragg, Assistant U.S. Attorneys for said district, hereby requests a pre-trial determination to resolve issues of admissibility of evidence.

On October 4, 2018, the defendant was charged with Attempted Enticement of a Minor. (Doc. 1). Trial is currently scheduled for December 6, 2021. The investigation was conducted by a detective who no longer lives in the United States and is currently overseas, and the United States is requesting that the Court make a pre-trial determination as to the admissibility of certain evidence through an alternate witness in lieu of the unavailable detective.

**I.      Background Regarding Evidence to be Admitted**

On August 24, 2017, Faulkner County Sheriff's Office (FCSO) Detective Chad Meli, was operating online in an undercover (UC) capacity. Det. Meli would, as part of his regular duties, search online for advertisements seeking sex and then respond to those advertisements by using an undercover identity. On August 24, 2017, Det. Meli began communicating online with a suspect (later identified as the defendant) after responding to an ad placed online. The content of the ad (Ex. 1[1]) read:

---

[1] Exhibit 1 is filed under seal because it contains an obscene photograph of the defendant's penis.

TITLE: Seeking Young College BOY or High School BOY – m4m (Conway, AR)

CONTENT: Mature, healthy, well hung man seeks a young high school boy or college boy for cock play. All I ask is that you love cock and be serous about sucking cock. Please be local and you do not have to have experience, just the desire to suck cock. Please state your age, your size, and where you live in your reply.

Using a UC profile of a 15-year-old boy, Meli made contact with the posting party via email and introduced himself by stating, "im 15 an skinny kinda athletic. im gay but not out yet an no one even knows so gotta be chill. i wanna suck u but wanna get sucked to. free after school so u gotta pick me up." (Ex. 2). The defendant responded, "Thanks, I am very interested. I must be totally discreet too. As we continue to get to know each other, NO ONE must ever that we are sucking each others cock." The defendant went on to say, "I am Ben, what is your name?"

Meli communicated with the defendant from August 24-27, 2017. They began communicating via email and eventually switched to text messages. (Ex. 3). The defendant asked if the 15-year-old liked beer, and when Meli said yes, the defendant responded, "Ok, I'll have Coors." (Ex. 3, p.2). The two made arrangements to meet at the Conway High School football field for the purpose of the defendant having sexual contact with the 15-year-old. (Ex. 3, p. 1). At about 1:35 pm on August 27, 2017, the defendant arrived at the agreed upon meeting location in a white Buick. The defendant, Benny Don Taylor, was arrested at the scene. At the time of his arrest, he had a cellular phone, a cooler of Coors beer on ice, three pairs of women's underwear, and a bottle of sexual lubricant.

## II.     Argument

At trial, the United States intends to introduce Exhibit 1 (the ad posted by the defendant), Exhibit 2 (emails between Det. Meli and the defendant), and Exhibit 3 (the texts between Det. Meli and the defendant). Det. Meli is currently working and living in Thailand.  Det. Meli is

unavailable to testify at trial on December 6. The United States seeks to introduce Exhibits 1, 2, and 3 through Det. Eric Woodward. Det. Woodward was present at the arrest of the defendant and conducted a forensic examination of the defendant's phone.

The defendant posted the ad in Exhibit 1, so it is admissible as his own statement under Federal Rule of Evidence 801(d)(2). The messages contained in Exhibits 2 and 3 also contain statements made by the defendant, admissible under Rule 801(d)(2). The statements made by Det. Meli are not offered for the truth of the matter asserted, and Exhibits 2 and 3 identify "Ben" as the person sending the messages. *See United States v. Manning*, 738 F.3d 937, 942-44 (8th Cir. 2014).

The text messages contained in Exhibit 3 are admissible because they were retrieved from the defendant's phone that was seized from his person at the time of his arrest. Det. Woodward conducted the forensic examination of the phone that contained the text messages in Exhibit 3 and can authenticate the fact that they come from the phone seized from the defendant.

The status of Det. Meli as an undercover officer does not affect the analysis of the authenticity or admissibility of Det. Meli's side of the email and text messages, nor do they create a Confrontation Clause issue. The emails and text messages contained in Exhibits 2 and 3 are not hearsay because the statements made by Det. Meli are not offered for the truth of the matter asserted and simply provide context to the defendant's statements. In a case concerning admission of tape-recorded conversations between a cooperating witness, who was unavailable, and the defendant, the Eighth Circuit admitted the cooperator's statements to the defendant to put the defendant's statements into context. *See United States v. Spencer*, 592 F.3d 866, 878 (8th Cir. 2010).

In *Spencer*, the defendant was convicted on two counts of distribution of cocaine, both based on controlled sales to a cooperator. 592 F.3d at 878. The United States proved the two transactions using the tape-recorded conversations between the defendant and the cooperator, even though the cooperator was a fugitive at the time of trial and did not testify. *Id*. The defendant appealed, arguing that the district court violated his rights under the Confrontation Clause by allowing evidence of the controlled buys despite the cooperator's unavailability. *Id*. The Eighth Circuit held that the admission of the tape recordings, despite the cooperator's unavailability, did not offend the Confrontation Clause. *Id*. at 879. The Eighth Circuit held that the defendant's statements were admissible as admissions of a party-opponent. *Id*. Next, the Court held that the cooperator's statements were admissible because they put the defendant's statements in context, making the statements intelligible for the jury. *Id*. Statements providing context for other admissible statements are not hearsay because they are not offered for their truth. As a result, the admission of such context evidence does not offend the Confrontation Clause because the declarant is not a witness against the accused. *Id*.

For the same reasons stated in *Spencer*, Det. Meli's statements to the defendant in both the e-mail and text messages are admissible and do not violate the Confrontation Clause. *See e.g., Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) ("The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."); *United States v. Wright*, 739 F.3d 1160, 1170 (8th Cir. 2014) ("[I]n order to fall within the purview of the Confrontation Clause, the evidence not only must be testimonial but also must be offered for the truth of the matter asserted.").

In *United States v. Michael Willins* (Case No. 4:18-cr-00308 KGB), the same scenario existed: Det. Meli had conducted much of the investigation, he was unavailable due to living in

Thailand, and the United States made the same proposal regarding admitting evidence through Det. Woodward. The Court ruled that the evidence could come in through Det. Woodward's testimony. (*Willins*, Doc. 20).

In *United States v. Pat Tate* (Case No. 4:18-cr-00433 JM), again the same scenario existed. Det. Meli had conducted much of the investigation and was unavailable due to living in Thailand, and the United States made the same proposal to admit evidence through Det. Woodward. Again, a different Court ruled that the evidence could come in through Det. Woodward's testimony. (*Tate*, Doc. 24).

The United States' position is, and it is asking the Court to determine, that these three exhibits are admissible without Det. Meli's testimony. There is no inadmissible hearsay in the exhibits, and there is sufficient information available through Det. Woodward and within the messages themselves to authenticate the exhibits. It is for these reasons the United States requests to be permitted to introduce Exhibits 1, 2, and 3 via Det. Eric Woodward.

**III.    Conclusion**

For the reasons set forth above, the United States requests a pre-trial determination that Exhibits 1, 2, and 3 are admissible into evidence through Det. Woodward.

JONATHAN D. ROSS
Acting United States Attorney


BY MICHAEL GORDON
Assistant U.S. Attorney
TX Bar No. 00795383
P.O. Box 1229
Little Rock, AR  72203
(501) 340-2600
Michael.Gordon@usdoj.gov

BY ALLISON W. BRAGG
Assistant U.S. Attorney
AR Bar No. 2010262
P.O. Box 1229
Little Rock, AR  72203
(501) 340-2600
Allison.Bragg@usdoj.gov