# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:18CR00534 DPM |
| | ) | |
| BENNY DON TAYLOR | ) | |

## DEFENDANT'S FED. R. CRIM. PRO. 16(b)(1)(C) SUMMARY OF EXPERT WITNESS TESTIMONY

Taylor filed Defendant's Notice Under Fed. R. Crim. Pro. 12.2(b) on October 4, 2021, providing notice to the government of his intent to introduce expert evidence relating to a mental disease, defect, and condition bearing on his guilt. *DCD 40.* Specifically, Taylor notified the government of his intent to offer the testimony of Dr. Garrett Andrews. Pursuant to Fed. R. Crim. Pro. 16(b)(1)(C), Taylor now provides a summary of Dr. Andrews's testimony, including Dr. Andrews's opinions, the bases and reasons for those opinions, and Dr. Andrews's qualifications.

Dr. Andrews is a Board-Certified neuropsychologist. He is the Chief of Staff for Arkansas Neuropsychology and Behavioral Health. He maintains board certifications as a forensic examiner, a diplomate with the American Board of Clinical Neuropsychology, and a brain injury specialist trainer with the Brain Injury Association of America. Attached as Exhibit A to this summary is a copy of Dr. Andrews's qualifications – his *curriculum vitae*.

Dr. Andrews will testify regarding his diagnoses of Taylor and how Taylor's diagnosed impairments affected his mental capacity at the time of the charged offense. Specifically, Dr. Andrews will testify that he examined Taylor in May, June, and July 2018. During those examinations he administered multiple tests – the Geriatric Depression Scale Short Form (GDS), the Geriatric Anxiety Scale, the Mini Mental Status Exam, the Repeatable Battery for the Assessment of Neuropsychology Status A (RBANS), the Controlled Oral Word Association Test

(phonemic fluency – FAS version), the Stroop Color & Word Test, the Trail Making Test A&B, the Grip Strength Test, the Grooved Pegboard, and Multiple Performance Validity Measures. Dr. Andrews ordered and reviewed an MRI of Taylor's brain, which identified an enlarged perivascular space right putamen (a lesion associated with impaired cognitive function), mesial temporal sclerosis on the right (scarring in the internal temporal region), and mild atrophy of the right parahippocampal region. Further, Dr. Andrews reviewed all available medical records for Taylor, conducted a clinical history/diagnostic psychiatric interview of Taylor, and interviewed Taylor's family members. Based on his assessments, Dr. Andrews made the following determinations, among others:

- Gross Intellectual/Cognitive Functions: Taylor's current overall neurocognitive abilities, as measured by the RBANS total index score are low average.

- Learning and Memory: Learning is mildly impaired across tasks. Taylor has significant difficulty with encoding new information. However, delayed recall of previously learned information remains intact. Although, Taylor had some difficulty with recall when not provided recognition cues.

- Problem Solving and other Executive Skills: Mental flexibility and set shifting is mildly impaired. Additionally, inhibitory control (i.e., the ability to cease an action) is also significantly impaired.

Dr. Andrews made the following diagnostic conclusions:

"The current cognitive profile is abnormal. There is evidence of gross neurocognitive decline as well significant deficits in aspects of executive functions (encoding new information, mental flexibility, set-shifting, and inhibitory control). Individuals with these types of deficits may have significant difficulty managing their behavior resulting in the inability to break set and stop an action once it has started. Loss of inhibition can also lead to unusual behaviors not typical of the individual. It is clear that Mr. Taylor has documented mental disease and defect by the recent MRI showing significant structural brain changes. The current neurobehavioral exam also provides evidence of organic deficits (mental defects) that influence his cognition and behavior."

Dr. Andrews diagnosed Taylor with minor neurocognitive disorder, possible onset frontal lobe dementia (rule out), and possible seizure disorder.

On May 1, 2019, Dr. Andrews conducted a repeat neuropsychological examination on Taylor. Following that examination, Dr. Andrews determined, in pertinent part: "The current cognitive profile is abnormal. It is consistent with the previous exam findings. It does not suggest a progressive dementia of some sort. The profile remains consistent with a traumatic brain injury and the positive neuroimaging supports that conclusion." Dr. Andrews diagnosed Taylor with mild cognitive disorder and adjustment disorder with mixed emotional features. Dr. Andrews conducted a subsequent repeat neuropsychological examination on May 6, 2020, in which most of the functioning domains showed consistency when compared to prior examinations. Dr. Andrews's noted, in part, "no noted change in overall performance."

Based on his assessments and diagnoses of Taylor, Dr. Andrews is expected to testify that, in his expert opinion, Taylor's traumatic brain injury occurred as a result of Taylor's motor vehicle accident in November 2016 when Taylor's vehicle hit a large horse. As stated in Taylor's Reply to United States' Response to Defendant's Entrapment Defense and Response to Motion to Exclude Entrapment Defense (With Incorporated Motion in Limine to Admit Evidence), Dr. Andrews's opinion is based on these known facts: 1) Taylor was involved in a documented motor vehicle accident in November 2016; 2) Taylor began to exhibit atypical behavior after the accident; 3) the allegations in this case arose in August 2017; 4) an MRI in June 2018 showed structural damage to Taylor's frontal lobe, consistent with his atypical behavior; (5) prior to the November 2016 accident, Taylor functioned independently based off Dr. Andrews's interviews with Taylor's family members and review of Taylor's available medical records; (6) there is no documented event other than the November 2016 accident that would have the potential to cause Taylor's structural brain damage; and 7) using well-accepted testing instruments and methodologies, Dr. Andrews diagnosed Taylor with neurocognitive disorder and onset frontal lobe dementia.

Additionally, based on his knowledge and expertise associated with traumatic brain injuries, Dr. Andrews will testify that the effects of a traumatic brain injury are most pronounced close in time to when the injury is sustained. As the brain heals, the effects will diminish, ultimately plateauing and leaving the individual with permanent deficits. Therefore, the deficits noted by Dr. Andrews in 2018 were likely more pronounced at the time of the charged offense.

It is also anticipated Dr. Andrews will testify Taylor maintains deficits in his cognitive functioning. This opinion is based on the battery of tests conducted by Dr. Andrews, the MRI of Taylor's brain, and the interviews conducted by Dr. Andrews. These deficits affect Taylor's executive skills; in particular, his ability to plan and carry out a plan. Although Dr. Andrews will not offer an opinion on the ultimate issue of whether Taylor had the ability to form the specific intent to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in sexual activity, his testimony regarding Taylor's deficits in the ability to plan and carry out a plan addresses that particular issue.

As identified above, Dr. Andrews determined Taylor suffered injury to his brain, which affected, and still affects, Taylor's executive functioning. This results in deficits in decision-making, judgment, mental flexibility, cognitive inhibition, working memory, cognitive flexibility, reasoning, and problem solving. Based on these determinations, it is anticipated Dr. Andrews will testify Taylor was susceptible to inducement. This testimony will go directly to Taylor's entrapment defense.

Respectfully submitted by,


J. Blake Hendrix
Arkansas Bar No. 86066
Fuqua Campbell P.A.
Riviera Tower
3700 Cantrell Road, Ste. 205
Little Rock, AR 72202
(501) 975-7123 (direct dial)
bhendrix@fc-lawyers.com

and

Annie Depper
Arkansas Bar No. 2009267
Fuqua Campbell P.A.
Riviera Tower
3700 Cantrell Road, Ste. 205
Little Rock, AR 72202
(501) 975-7144 (direct dial)
adepper@fc-lawyers.com