UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:18-cr-00534 DPM |
| | ) | |
| BENNY DON TAYLOR | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE/VARIANCE AND SENTENCING MEMORANDUM

The United States of America, through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Allison W. Bragg, Assistant U.S. Attorney for said district, for its memorandum to the Court, states the following.

The defendant has filed a sentencing memorandum (Doc. 89) in which he requests a sentence of probation. This request is significantly less than the guideline range, which will be, if the United States' motion for a third acceptance point is granted, 21-27 months imprisonment. The United States will request a guideline sentence.

The United States has afforded the defendant a generous concession in entering a plea agreement to attempted transfer of obscene material to a minor (18 U.S.C. § 1470). This charge has no minimum sentence. Without the benefit of this plea agreement, the defendant was facing a charge of enticement of a minor to engage in sexual activity (18 U.S.C. § 2422(b)), which carries a ten-year mandatory minimum. The defendant admitted at his plea hearing that "[t]he purpose of the obscene photo was to persuade the minor to engage in prohibited sexual conduct.." (Doc. 82, paragraph 5(H)).

For the reasons the defendant has outlined in his memorandum, most notably his brain injury, the United States agreed to proceed on this lesser charge. The resulting guideline range is a significant benefit to the defendant—enough benefit that a further decrease to mere probation does not adequately address the seriousness of the defendant's offense.

The United States will present at sentencing a note written by the defendant and found in his car at the time of his arrest, attached here as Exhibit 1. This note is a list of dates, names, ages, phone numbers, and locations of teenage boys. Fortunately, "Connor," the undercover police officer in the instant case, was the first boy on the list. The defendant also listed "Justin", age 18, to meet the following day, Monday, at Wye Mountain, and Josh, age 15, to meet Saturday in Little Rock. (Ex. 1). The defendant's actions would not have stopped with Connor.

Despite mitigating factors that have already resulted in a significant benefit to the defendant, his conduct cannot go with a mere slap on the wrist of probation. Incarceration is necessary to reflect the seriousness of the offense. In conclusion, the United States requests a guideline sentence of imprisonment of 21-27 months.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

Allison W. Bragg
Arkansas Bar No. 2010262
Assistant United States Attorney
P. O. Box 1229
Little Rock, Arkansas  72203
Email: Allison.Bragg@usdoj.gov